UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEW ENERGY WORKS OF ROCHESTER, INC.,

                                                         Plaintiff,     DECISION and ORDER

-vs-

                                                         10-CV-6445-CJS

MATSUNOKI GROUP, INC. d/b/a HAIKU HOUSES ,

                                                         Defendant.

_____

**APPEARANCES**

For Plaintiff:                            Janice M. Iati, Esq.
                                             The Law Firm of Janice M. Iati, P.C.
                                             Suite 1900, One Chase Square
                                             Rochester, NY 14604

For Defendant:                        Charles H. Honea
                                             Matsunoki Group, Inc., d/b/a Haiku Houses
                                             415 Bridge Street
                                             Franklin, TN 37065

                                             Matsunoki Group, Inc.
                                             c/o Bernard Zelenka
                                             Bellwether Inc.,
                                             4208 Old Hillsboro Road, Suite 7
                                             Franklin, TN 36064

**INTRODUCTION**

    **Siragusa, J.**  This matter is before the Court on Plaintiff's motion for default judgment, ECF No. 15, pursuant to Rule 55(b)(2). On August 3, 2010, Plaintiff, New Energy Works of Rochester, Inc. ("Plaintiff") filed a complaint, ECF No. 1, against Defendant, Matsunoki Group, Inc. d/b/a Haiku Houses ("Defendant") based on a contract dispute. For the reasons that follow, Plaintiff's motion is granted and default judgment is entered against Defendant for $217,881.50.

**BACKGROUND**

This case arises out of a dispute for payments in two construction contracts between the parties. ECF No.1.  Plaintiff is a timber frame company that designs and constructs timber frames for residential and commercial buildings. *Id.* ¶ 6. On October 10, 2008, Plaintiff entered into a contract with Defendant to design and fabricate timber frames for two residences.[1] *Id.* ¶ 8. Defendant made scheduled payments initially, but then Plaintiff alleges Defendant failed to any make further required payments. Id. ¶12.  Plaintiff alleges that Defendant owes at least $87,998 plus interest for one residence and at least $16,506 plus interest on a second residence. ECF No. 15-9.  Plaintiff also seeks reasonable attorneys' fees as provided within the contract and all other costs and expenses incurred by Plaintiff in connection with this action. *Id.*

On August 23, 2011, default was entered against Defendant. ECF No. 12. On December 6, 2011, Plaintiff filed a motion for default judgment, ECF No. 15, seeking a judgment of $217,881.50.  Defendant has not filed a response to Plaintiff's motion.

**STANDARD OF LAW**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  If a party has failed to plead or otherwise defend an action the opposing party may bring this to the Court's attention.  First "Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended. Having obtained a default from the clerk of the court, a plaintiff must next seek a judgment by default under Rule 55(b)." *Id.* Pursuant to Rule 55(b)(2), the non-defaulting party must apply to the Court to request default

---

[1] The two contracts are included in Exhibit D of ECF No. 15-6. They are identified as Collins Residence and Emery & Morita Residence.

judgment, but only when the defaulting party has appeared in the action must the non-defaulting party provide advance notice of its motion for default judgment. Fed.R.Civ.P. 55(b)(2).

In addition to considering whether the defaulting party has appeared, the Court must also consider, "whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." *Garden City Boxing Club, Inc. v. Giambra*, No. 02–CV–839S, 2004 WL 1698633 at *1 (W.D.N.Y.Jul.27, 2004). Other factors the Court must consider when asked to enter a default judgment include: the possibility of prejudice to the plaintiff; the sum of money at stake in the action; the possibility of a dispute concerning material facts; whether the default was due to excusable neglect; and the strong policy favoring decisions on the merits. 10–55 MOORE'S FEDERAL PRACTICE, Civil § 55.31[2] (2011). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability...." *Greyhound Exhibitgroup v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A complaint is sufficient if it contains, "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 U.S.1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Fed.R.Civ.P. 8(a)(2). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 U.S. at 1950. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

**ANALYSIS**

The Court finds that the facts alleged in the complaint are sufficient for this Court to find Plaintiff has a plausible claim for relief. Plaintiff details in its complaint and motion exhibits the amount of unpaid payment obligations, interest rates, and attorneys' fees. ECF No. 1; ECF No. 15, Exs. A-F. The Court finds no factor supporting a denial of Plaintiff's motion.

The complaint details how Defendant paid the first two installments for the Collins' contract, then failed to make the third installment. In that regard, Defendant informed Plaintiff that its client "had to unexpectedly fly out of the state and Defendant was unable to obtain the funds to make the last two payments." ECF No. 1 ¶ 14. Nothing indicates any dispute with Plaintiff's performance.

With regard to the Emery & Morita contract, the first installment was paid in full, then Defendant's payment on the second installment was short by $30,250. Nevertheless, Plaintiff continued to perform, even shipping the frame to the building site, though Defendant had not paid all it owed.[2]

The written contracts specify a 2% per month service charge for past due invoices and detail the payment amounts and their due dates. The contracts also contain this

---

[2]The complaint does indicate that Defendant paid an additional $81,000 on January 28, 2009, but that even with this payment, there is still an outstanding balance.

provision: "If it is deemed necessary by N.E.W. to take legal action for any or all unpaid invoices, all fair and necessary legal costs incurred will be the responsibility of the Builder." Iati Aff. Ex. D, ECF No. 15-5, Dec. 26, 2011.

Plaintiff's motion contains a Statement of Damages showing a total amount of damages of $217,881,50. The itemization includes a 2% service charge on missed payments amounting to $101,978.58, the filing fee of $350, process server fee of $228.92, and attorney's fee of $10,820.00. Iati Aff. Ex. C, ECF No. 15-5, Dec. 6, 2011.

Counsel's affidavit sets forth the work she completed for her client, as well as her hourly rate of $175 for 36.6 hours of work. These appear reasonable to the Court. Counsel's associates' hourly rate of $150 and hours of work, along with counsel's paralegal's and secretary's hourly rates and hours expended also appear to be reasonable to the Court. Accordingly, the Court grants Plaintiff's motion for default judgment in the amount of $217,881.50.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment, ECF No. 15, under Rule 55 of the Federal Rules of Civil Procedure is granted. It is hereby ordered the Clerk enter judgment against Defendant in the amount of $217,881.50.

So Ordered.

Dated:   January 13, 2012
         Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge